**ZENG GUO LIU, Petitioner,**

v.

**Michael B. MUKASEY,\* United States Attorney General, Respondent.**

**No. 07–4188–ag.**

United States Court of Appeals, Second Circuit.

July 15, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Sheema Chaudhry, of Counsel to the Law Offices of Michael Brown, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Douglas E. Ginsburg, Senior Litigation Counsel; Paul F. Stone, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Zeng Guo Liu, a native and citizen of the People's Republic of China, seeks review of the September 13, 2007 order of the BIA denying his motion to reopen. *In re Zeng Guo Liu,* No. A73 575 465 (B.I.A. Sept. 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam) (citation and internal quotation marks omitted).

■ As an initial matter, we deem abandoned any challenge to the agency's denial of Liu's motion to file a successive asylum application, as he has failed to raise that claim in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

■ We also conclude that the BIA did not abuse its discretion in denying Liu's motion to reopen. There is no dispute that Liu's January 2007 motion was untimely where it was filed well after the 90–day deadline following the BIA's final administrative decision in September 2002. *See* 8 C.F.R. § 1003.2(c)(2). Nor did the BIA abuse its discretion in finding that Liu failed to prove "changed circumstances arising in the country of nationality" that would excuse the untimeliness of his motion. 8 C.F.R. § 1003.2(c)(3)(ii).

■ The BIA properly found that Liu's arguments as to his wife's sterilization, the fine, and his violation of the family planning policies were not new as he had presented them before the IJ. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir. 2006). The BIA also properly declined to credit the evidence regarding the arrest of Liu's wife because this evidence related to her alleged sterilization, an allegation that the agency had found not credible in the underlying proceeding. *See Kaur,* 413 F.3d at 234. Further, the BIA acted within its discretion in according little weight to a "notice," delivered to Liu's wife ordering Liu to report for investigation under threat of severe punishment. The document was unauthenticated and bore no indicia of reliability, a concern compounded by previous adverse credibility findings as to Liu.

■ The BIA also properly gave diminished weight to Liu's claim that "some-

one" had informed the Chinese authorities of his asylum application. The BIA found that this claim was vague because Liu did not identify the person who allegedly reported him or explain how someone in China could have "pierced the confidentiality of immigration proceedings" in the United States. The BIA also found that the claim was unsupported as the notice from the Chinese authorities did not mention Liu's asylum application, focusing instead on his method of departure. Because a motion to reopen must be accompanied by supporting materials, *see* 8 C.F.R. § 1003.2(c)(1), the BIA did not err in denying Liu's motion. It found the submitted notice was unreliable and his affidavits recounted claims related to those the agency found not credible in the underlying proceedings. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal is DISMISSED as moot.